**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-cv-01597-BNB

UNITED STATES, ex rel. WARD,

      Plaintiff,

v.

CITY OF DENVER,
DENVER COUNTY,
CITY OF LIMON,
LINCOLN COUNTY,
CITY OF STERLING,
LOGAN COUNTY,
CAÑON CITY,
FREMONT COUNTY,
THE COLORADO DEPARTMENT OF CORRECTIONS (CDOC), in its official capacity,
STERLING CORRECTIONAL FACILITY, in its official capacity,
JOHN W. SUTHERS, Former Executive Director of the CDOC, in his official capacity,
JOE ORTIZ, Former Executive Director of the CDOC, in his official capacity,
DENNIS DIAZ, CDOC Controller, in his official capacity,
FORMER DIRECTOR OF ADMINISTRATION (real name unknown), in his official
      capacity,
CHERRY GRECO, Former Acting Director of Administration, in her official capacity,
FRED SABUS, CDOC's Acting Director of Administration, in his official capacity,
ARISTEDES W. ZAVARAS, Executive Director of the CDOC, in his official capacity,
DENVER RECEPTION AND DIAGNOSTIC CENTER (D.R.D.C.) WARDEN (real name
      unknown), in his official capacity,
D.R.D.C.'S BUSINESS MANAGER (real name unknown), in his official capacity,
D.R.D.C.'S INMATE BANKING HEAD (real name unknown), in his official capacity,
LARRY EMBRY, Colorado Territorial Correctional Facility (C.T.C.F.) Warden, in his
      official capacity,
C.T.C.F.'S BUSINESS MANAGER (real name unknown), in his official capacity,
C.T.C.F.'S INMATE BANKING HEAD (real name unknown), in his official capacity,
C.T.C.F.'S CUSTODY/CONTROL MANAGER (real name unknown), in his official
      capacity,
C.T.C.F.'S ACCREDITATION COORDINATOR (real name unknown), in his official
      capacity,
C.T.C.F.'S BUSINESS OFFICE CONTRACT UNIT, in its official capacity,
C.T.C.F.'S ASSOCIATE WARDEN (real name unknown), in his official capacity,
WARDEN FURLONG, Former Warden of Limon Correctional Facility (LCF) (full name
      unknown), in his official capacity,

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT - 9 2007

GREGORY C. LANGHAM
        CLERK

CAPTAIN LARRY NUTTER, in his official and personal capacities,
LIEUTENANT KIP STRODE, in his official and individual capacity,
L.C.F.'S INMATE BANKING HEAD (real name unknown), in his official capacity,
L.C.F.'S BUSINESS OFFICE MANAGER (real name unknown), in his official capacity,
L.C.F.'S ACCREDITATION COORDINATOR (real name unknown), in his official
        capacity,
L.C.F.'S RECORDS LIAISON OFFICER (real name unknown), in his official capacity,
L.C.F.'S GENERAL PROFESSIONAL V, (real name unknown), in his official capacity,
L.C.F.'S HEALTH SERVICES ADMINISTRATOR (real name unknown), in his official
        capacity,
L.C.F.'S BANK (real name unknown), in its official capacity,
L.C.F.'S BANK'S PRESIDENT (real name unknown), in his official capacity,
L.C.F.'S BANK'S VICE PRESIDENT (real name unknown), in his official capacity,
STERLING CORRECTIONAL FACILITY'S (S.C.F.'S) GENERAL PROFESSIONAL V
        (real name unknown), in his official and individual capacities,
GARY GOLDER, in his official capacity,
DAN CLARK, in his individual and in his official capacities,
DEB KUGLER, in her individual and in her official capacities,
D. ELLEDGE, in his individual and in his official capacities,
J. SCHECK, in his official capacity,
MARK BROADDUS, S.C.F.'s Associate Warden, in his official capacity,
RICHARD SOARES, S.C.F.'s Associate Warden, in his official capacity,
KEVIN MILYARD, S.C.F.'s Warden,
KEVIN MILYARD, also Inmate Pay Committee Chairman, in his official capacities,
CAPTAIN WATTS, (full name unknown), in his official capacity,
S.C.F.'S CUSTODY/CONTROL MANAGER (real name unknown), in his official
        capacity,
S.C.F.'S BANK (real name unknown), in its official and in its individual capacities,
S.C.F.'S BANK'S PRESIDENT (real name unknown), in his official capacity,
S.C.F.'S BANK'S VICE PRESIDENT (real name unknown), in both his official and
        individual capacities,
S.C.F.'S ACCREDITATION COORDINATOR (real name unknown), in his official
        capacity,
S.C.F.'S HEALTH SERVICES ADMINISTRATOR (real name unknown), in his official
        capacity,
C.D.O.C.'S INMATE PAY COMMITTEE, in its official capacity,
C.D.O.C.'S EDUCATION COMMITTEE, in its official capacity,
C.D.O.C.'S JOINT BUDGET COMMITTEE, in its official capacity,
D.R.D.C.'S, CTCF'S, LCF'S, SCF'S, AND CSP'S POLICY COORDINATORS (real
        names unknown), in their official capacities,
THE CDOC'S CENTRAL AGENCY POLICY COORDINATOR (real name unknown), in
        his official capacity,
COLORADO STATE PENITENTIARY WARDEN (CSP'S) LARRY REID, in his official
        capacity,
LIEUTENANT JOSIAH HUNTER, in both his individual and in his official capacities,

2

KRISTINA IRELAND, in her official capacity,
LAURIE YEKONICH, in her official capacity,
DENNIS BURBANK, in his official and in his individual capacities,
CSP'S ASSOCIATE WARDEN MEDINA, in his official capacity,
TELLIE FLUHARTY, in his official capacity,
CSP'S MR. HIATT, in his individual and in his official capacity,
CSP'S MAJOR BUCHANON, in both his individual and his official capacities,
CSP'S MAJOR DAVIS, in both his individual and in his official capacities,
THE CDOC'S CENTRAL AGENCY POLICY ADMINISTRATOR (real name unknown),
    in his official capacity,
CATHIE HOLST, in her official capacity,
CSP'S BANK (real name unknown), in its official capacity,
CSP'S BANK'S PRESIDENT (real name unknown), in his official capacity, and
CSP'S BANK'S VICE PRESIDENT (real name unknown), in his official capacity,

        Defendants.

---

## ORDER

---

        Plaintiff, Jacques Ward, is a prisoner in the custody of the Colorado Department

of Corrections at the Colorado State Penitentiary at Cañon City, Colorado.  Mr. Ward

initiated this action by filing ***pro se*** a document titled "Civil Investigative Demand Per 28

U.S.C. § 535."  In an order filed on July 30, 2007, the court directed the clerk of the

court to commence a civil action and directed Mr. Ward to cure certain deficiencies if he

wished to pursue his claims.  One of the deficiencies was the fact that Mr. Ward had

not filed a complaint.  After requesting and being granted an extension of time, Mr.

Ward filed a Prisoner Complaint on September 28, 2007.  Mr. Ward primarily asserts

claims in the Prisoner Complaint pursuant to the False Claims Act, although he also

asserts one or more claims that his own civil rights have been violated.  Pursuant to 31

U.S.C. § 3730(b)(2), the clerk of the court will be directed to file the complaint under

seal.  However, the government will not be served with a copy of the complaint because

3

Mr. Ward will be ordered to file an amended complaint. If Mr. Ward files an amended complaint that complies with this order, the amended complaint will be served on the government pursuant to 31 U.S.C. § 3730(b)(2).

The court has reviewed the Prisoner Complaint filed by Mr. Ward in this qui tam action and finds that it is deficient. First, Mr. Ward has violated the court's local rules. Pursuant to Rule 10.1J. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "[p]arties shall be listed in a caption with one party per line. The proper name of a party shall be in capital letters, and any identifying text shall be in upper and lower case immediately following the proper name." Mr. Ward does not list each named Defendant on a separate line. In addition, because Mr. Ward lists only three of the named Defendants in Section A of the Prisoner Complaint, the section that describes the parties to the action, he has failed to provide an address for each named Defendant.

The complaint also is deficient because Mr. Ward improperly includes claims that his own civil rights have been violated. A complaint asserting claims under the False Claims Act "shall be brought in the name of the Government." 31 U.S.C. § 3730(b)(1). Therefore, the only proper claims in this action are those claims asserted by Mr. Ward on behalf of the Government and not his claims that his own civil rights have been violated. Mr. Ward's claims that his own rights have been violated must be raised in a separate action brought by Mr. Ward in his own name.

Finally, and most importantly, the court finds that the fraud claims being raised in the Prisoner Complaint fail to comply with Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) provides that "[i]n all averments of fraud or mistake, the

circumstances constituting fraud or mistake shall be stated with particularity." The heightened pleading requirements of Rule 9(b) apply to this qui tam action under the False Claims Act. *See, e.g., United States ex. rel. Russell v. Epic Healthcare Management Group*, 193 F.3d 304, 308 (5th Cir. 1999). Pursuant to Rule 9(b), a complaint alleging fraud must set forth the time, place, and contents of the false representation, the identity of the party making the false statements, and the consequences of the false statements. *See Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000).

Mr. Ward clearly believes that improper accounting practices have been employed regarding the funds in his inmate account and he provides substantial detail regarding transactions relating to his inmate account over a period of years. However, he fails to allege with particularity how the alleged improper accounting practices have resulted in fraud in violation of the False Claims Act. There are no allegations to demonstrate with particularity how any of the numerous Defendants violated the provisions of 31 U.S.C. § 3729 or any of the other statutes cited by Mr. Ward. Therefore, Mr. Ward will be ordered to file an amended complaint that complies with Rule 9(b) if he wishes to pursue his claims. Accordingly, it is

ORDERED that the clerk of the court file the Prisoner Complaint under seal. It is

FURTHER ORDERED that Mr. Ward file **within thirty (30) days from the date of this order** an amended complaint that complies with this order if he wishes to pursue his claims. It is

FURTHER ORDERED that, if Mr. Ward fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without

further notice.

DATED October 9, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   07-cv-01597-BNB

Jacques Ward
Prisoner No.  80524
Colorado State Penitentiary
PO Box 777 - Unit B8-21
Cañon City, CO 81215- 0777

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _10/9/07_

GREGORY C. LANGHAM, CLERK

By: _____
                      Deputy Clerk