IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01597-BNB

UNITED STATES, ex rel. JACQUES PIERRE WARD, in his own behalf, and
JACQUES PIERRE WARD, Relator,

    Plaintiffs,

v.

ARISTEDES W. ZAVARAS, Executive Director of the Colorado Department of
    Corrections (CDOC) in his official capacity,
FRED SABUS, the CDOC's Acting Director of Administration, in his official capacity,
JOHN W. SUTHERS, Former Executive Director of the CDOC, in his official capacity,
CHERRY GRECO, Former Acting Director of Administration, in her official capacity,
DENNIS DIAZ, the CDOC's Controller, in his official capacity,
JOE ORTIZ, Former Executive Director of the CDOC, in his official capacity,
THE COLORADO DEPARTMENT OF CORRECTIONS, in its official capacity,
DENVER RECEPTION AND DIAGNOSTIC CENTER's (D.R.D.C.'s) WARDEN (real
    name unknown), in his official capacity,
D.R.D.C.'S BUSINESS MANAGER (real name unknown), in his official capacity,
LARRY EMBRY, Colorado Territorial Correctional Facility (C.T.C.F.'s) Warden, in his
    official capacity,
C.T.C.F.'S BUSINESS MANAGER (real name unknown), in his official capacity,
C.T.C.F.'S INMATE BANKING MANAGER (real name unknown), in his official capacity,
C.T.C.F.'S BANK PRESIDENT (real name unknown), in his official capacity,
C.T.C.F.'S BANK'S VICE PRESIDENT (real name unknown), in his official capacity,
MR. FURLONG, Former Warden of Both Limon Correctional Facility (LCF) and Sterling
    Correctional Facility (full name unknown), in both his individual and his official
    capacities,
LIEUTENANT KIP STRODE, in both his individual and his official capacities,
CAPTAIN LARRY NUTTER, in both his individual and his official capacities,
L.C.F.'S BANK, in its official capacity (real name unknown),
L.C.F.'S BUSINESS OFFICE MANAGER (real name unknown), in his or her official and
    individual capacities,
L.C.F.'S INMATE BANKING MANAGER (real name unknown), in his or her individual
    and official capacities,
L.C.F.'S ACCREDITATION COORDINATOR (real name unknown), in his or her official
    capacity,
L.C.F.'S GENERAL PROFESSIONAL V, (real name unknown), in his or her official
    capacity,
L.C.F.'S BANK'S PRESIDENT (real name unknown), in his or her official capacity,
L.C.F.'S BANK'S VICE PRESIDENT (real name unknown),
STERLING CORRECTIONAL FACILITY, in its official capacity (S.C.F.),

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN - 4 2008

GREGORY C. LANGHAM
    CLERK

GARY GOLDER, former warden of S.C.F., in both his individual capacities,
DAN CLARK, S.C.F. Business Office, in both his official and his individual capacities,
DEB KUGLER, S.C.F. Business Office Manager, in both her individual and her official capacities,
D. ELLEDGE, S.C.F.'s Inmate Banking Office, in his official capacity,
J. SCHECK, S.C.F.'s Inmate Accounts, in his official capacity (full name unknown),
RICHARD SOARES, S.C.F.'s Associate Warden, in his official capacity,
MARK BROADDUS, S.C.F.'s Associate Warden, in both his individual and his official capacities,
KEVIN MILYARD, The C.D.O.C.'s Inmate Pay Committee Chairman and S.C.F.'s Warden, in his official capacity,
S.C.F.'S BANK in its official capacity (real name unknown),
S.C.F.'S BANK'S PRESIDENT (real name unknown), in both his individual and his official capacity,
S.C.F.'S BANK'S VICE PRESIDENT (real name unknown), in his official capacity,
CAPTAIN WATTS (full name unknown), in his official capacity,
S.C.F.'S ACCREDITATION COORDINATOR (real name unknown), in his or her official capacity,
THE C.D.O.C.'S INMATE PAY COMMITTEE, in its official capacity,
THE C.D.O.C.'S EDUCATION COMMITTEE, in its official capacity,
THE C.D.O.C.'S CENTRAL AGENCY POLICY ADMINISTRATOR (real name unknown), in her or her official capacity,
THE CDOC'S CENTRAL AGENCY POLICY COORDINATOR (real name unknown), in his or her official capacity,
LARRY REID, Colorado State Penitentiary's Former Warden, in his official capacity,
DENNIS BURBANK, C.S.P.'s General Professional V, in both his individual and his official capacities,
TELLIE FLUHARTY, in his official capacity,
CSP'S MR. HIATT, in both his individual and his official capacity,
CSP'S MAJOR BUCHANON, in both his individual and his official capacities,
CSP'S MAJOR DAVIS, (full name unknown), in both his individual and his official capacities,
KRISTINA IRELAND, Colorado Territorial Correctional Facility Business Office, in her official capacity,
LAURIE YEKONICH, in her official capacity,
CATHIE HOLST, the C.D.O.C.'s Legal Services Manager, in her official capacity,
CSP'S BANK (real name unknown), in its official capacity,
CSP'S BANK'S PRESIDENT (real name unknown), in his official capacity,
CSP'S BANK'S VICE PRESIDENT (real name unknown), in his or her official capacity,
CSP'S ASSOCIATE WARDEN MEDINA, in his official capacity,
S.C.F.'S GENERAL PROFESSIONAL V, (real name unknown), in his or her official capacity, and
S.C.F.'S PROGRAMS MANAGER (real name unknown), in his or her official capacity,

    Defendants.

2

## ORDER OF DISMISSAL

Plaintiff Jacques Pierre Ward is a prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary at Cañon City, Colorado. Mr. Ward initiated this action by filing *pro se* a document titled "Civil Investigative Demand Per 28 U.S.C. § 535." On September 28, 2007, in response to an order by Magistrate Judge Boyd N. Boland directing Mr. Ward to cure the deficiencies in this action, Mr. Ward filed a Prisoner Complaint asserting claims on behalf of the United States pursuant to the False Claims Act. Mr. Ward also asserted one or more claims that his civil rights have been violated.

On October 9, 2007, Magistrate Judge Boland ordered Mr. Ward to file an amended complaint because the Prisoner Complaint filed on September 28 was deficient. Magistrate Judge Boland specifically noted that Mr. Ward failed to list each Defendant on a separate line in the caption of the complaint in violation of the Court's local rules, that he failed to provide an address for each Defendant in Section A of the complaint, that he improperly included his own personal claims in this action brought in the name of the United States, and that his claims of fraud under the False Claims Act failed to comply with the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. On December 14, 2007, Mr. Ward filed an amended complaint. On December 20, 2007, he filed a "Supplement to Amended Complaint."

The Court must construe the amended complaint and other papers filed by Mr. Ward liberally because he is not represented by an attorney. *See Haines v. Kerner*,

3

404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the amended complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

The Court has reviewed the amended complaint and the supplement and finds that Mr. Ward has failed to comply with Magistrate Judge Boland's October 9 order. Although Mr. Ward did correct the names in the caption of the amended complaint as directed, he still fails to provide an address for each Defendant, he still improperly includes his own personal claims for relief, and, most importantly, the amended complaint still fails to comply with the pleading requirements of Fed. R. Civ. P. 9(b).

Pursuant to 31 U.S.C. § 3730(b)(1), a private individual, or relator, may file a qui tam civil action in the name of the United States for a violation of the False Claims Act. However, the heightened pleading requirements of Rule 9(b) apply to a qui tam action under the False Claims Act. *See, e.g., United States ex. rel. Russell v. Epic Healthcare Management Group*, 193 F.3d 304, 308 (5th Cir. 1999). Pursuant to Rule 9(b), a complaint alleging fraud must set forth the time, place, and contents of the false representation, the identity of the party making the false statements, and the consequences of the false statements. *See Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000).

Mr. Ward fails to allege specific facts that comply with the pleading requirements of Rule 9(b). Mr. Ward primarily complains that prison officials have used improper

accounting practices to withhold a portion of the funds that are deposited into his inmate account. As a result of the alleged improper withholding of his funds, Mr. Ward contends that he has been unable to purchase hygiene supplies or other items from the commissary. Mr. Ward provides an inordinate amount of detail regarding individual account transactions that he alleges demonstrate how his money improperly has been withheld. However, as Magistrate Judge Boland noted in his order directing Mr. Ward to file an amended complaint, Mr. Ward's claims that his civil rights have been violated may not be raised in this qui tam action brought in the name of the United States. Mr. Ward's claims that his own rights have been violated must be raised in a separate action that he brings in his own name.

Mr. Ward does attempt to create four claims under the False Claims Act by alleging that prison officials have failed to pay to the courts in two federal cases a portion of the funds deposited into his account in accordance with the filing fee payment provisions of the Prison Litigation Reform Act and court orders directing such payments. However, the fact that prison officials may have failed to comply with court orders requiring filing fee payments does not demonstrate the existence of any fraud that gives rise to a claim under the False Claims Act. To the extent Mr. Ward may be attempting to base his claims of fraud on some other actions, he fails to allege specific facts, as required pursuant to Rule 9(b), that demonstrate the existence of any fraud against the United States Government. Therefore, the action will be dismissed because the amended complaint fails to comply with the pleading requirements of Rule 9(b). Accordingly, it is

ORDERED that the complaint, the amended complaint, and the action are dismissed without prejudice.

DATED at Denver, Colorado, this 4 day of January, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01597-BNB

Jacques Pierre Ward
Prisoner No. 80524
Colorado State Penitentiary
PO Box 777 - Unit B8-21
Cañon City, CO 81215- 0777

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/04/08

GREGORY C. LANGHAM, CLERK

By _____
      Deputy Clerk