FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
JAN 28 2008
GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01597-ZLW

UNITED STATES, ex rel. JACQUES PIERRE WARD, in his own behalf, and
JACQUES PIERRE WARD, Relator,

　　　　Plaintiffs,

v.

ARISTEDES W. ZAVARAS, Executive Director of the Colorado Department of
　　　Corrections (CDOC) in his official capacity,
FRED SABUS, the CDOC's Acting Director of Administration, in his official capacity,
JOHN W. SUTHERS, Former Executive Director of the CDOC, in his official capacity,
CHERRY GRECO, Former Acting Director of Administration, in her official capacity,
DENNIS DIAZ, the CDOC's Controller, in his official capacity,
JOE ORTIZ, Former Executive Director of the CDOC, in his official capacity,
THE COLORADO DEPARTMENT OF CORRECTIONS, in its official capacity,
DENVER RECEPTION AND DIAGNOSTIC CENTER's (D.R.D.C.'s) WARDEN (real
　　　name unknown), in his official capacity,
D.R.D.C.'S BUSINESS MANAGER (real name unknown), in his official capacity,
LARRY EMBRY, Colorado Territorial Correctional Facility (C.T.C.F.'s) Warden, in his
　　　official capacity,
C.T.C.F.'S BUSINESS MANAGER (real name unknown), in his official capacity,
C.T.C.F.'S INMATE BANKING MANAGER (real name unknown), in his official capacity,
C.T.C.F.'S BANK PRESIDENT (real name unknown), in his official capacity,
C.T.C.F.'S BANK'S VICE PRESIDENT (real name unknown), in his official capacity,
MR. FURLONG, Former Warden of Both Limon Correctional Facility (LCF) and Sterling
　　　Correctional Facility (full name unknown), in both his individual and his official
　　　capacities,
LIEUTENANT KIP STRODE, in both his individual and his official capacities,
CAPTAIN LARRY NUTTER, in both his individual and his official capacities,
L.C.F.'S BANK, in its official capacity (real name unknown),
L.C.F.'S BUSINESS OFFICE MANAGER (real name unknown), in his or her official and
　　　individual capacities,
L.C.F.'S INMATE BANKING MANAGER (real name unknown), in his or her individual
　　　and official capacities,
L.C.F.'S ACCREDITATION COORDINATOR (real name unknown), in his or her official
　　　capacity,
L.C.F.'S GENERAL PROFESSIONAL V, (real name unknown), in his or her official
　　　capacity,
L.C.F.'S BANK'S PRESIDENT (real name unknown), in his or her official capacity,
L.C.F.'S BANK'S VICE PRESIDENT (real name unknown),
STERLING CORRECTIONAL FACILITY, in its official capacity (S.C.F.),

GARY GOLDER, former warden of S.C.F., in both his individual capacities,
DAN CLARK, S.C.F. Business Office, in both his official and his individual capacities,
DEB KUGLER, S.C.F. Business Office Manager, in both her individual and her official capacities,
D. ELLEDGE, S.C.F.'s Inmate Banking Office, in his official capacity,
J. SCHECK, S.C.F.'s Inmate Accounts, in his official capacity (full name unknown),
RICHARD SOARES, S.C.F.'s Associate Warden, in his official capacity,
MARK BROADDUS, S.C.F.'s Associate Warden, in both his individual and his official capacities,
KEVIN MILYARD, The C.D.O.C.'s Inmate Pay Committee Chairman and S.C.F.'s Warden, in his official capacity,
S.C.F.'S BANK in its official capacity (real name unknown),
S.C.F.'S BANK'S PRESIDENT (real name unknown), in both his individual and his official capacity,
S.C.F.'S BANK'S VICE PRESIDENT (real name unknown), in his official capacity,
CAPTAIN WATTS (full name unknown), in his official capacity,
S.C.F.'S ACCREDITATION COORDINATOR (real name unknown), in his or her official capacity,
THE C.D.O.C.'S INMATE PAY COMMITTEE, in its official capacity,
THE C.D.O.C.'S EDUCATION COMMITTEE, in its official capacity,
THE C.D.O.C.'S CENTRAL AGENCY POLICY ADMINISTRATOR (real name unknown), in her or her official capacity,
THE CDOC'S CENTRAL AGENCY POLICY COORDINATOR (real name unknown), in his or her official capacity,
LARRY REID, Colorado State Penitentiary's Former Warden, in his official capacity,
DENNIS BURBANK, C.S.P.'s General Professional V, in both his individual and his official capacities,
TELLIE FLUHARTY, in his official capacity,
CSP'S MR. HIATT, in both his individual and his official capacity,
CSP'S MAJOR BUCHANON, in both his individual and his official capacities,
CSP'S MAJOR DAVIS, (full name unknown), in both his individual and his official capacities,
KRISTINA IRELAND, Colorado Territorial Correctional Facility Business Office, in her official capacity,
LAURIE YEKONICH, in her official capacity,
CATHIE HOLST, the C.D.O.C.'s Legal Services Manager, in her official capacity,
CSP'S BANK (real name unknown), in its official capacity,
CSP'S BANK'S PRESIDENT (real name unknown), in his official capacity,
CSP'S BANK'S VICE PRESIDENT (real name unknown), in his or her official capacity,
CSP'S ASSOCIATE WARDEN MEDINA, in his official capacity,
S.C.F.'S GENERAL PROFESSIONAL V, (real name unknown), in his or her official capacity, and
S.C.F.'S PROGRAMS MANAGER (real name unknown), in his or her official capacity,

Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff Jacques Pierre Ward has filed *pro se* on January 18, 2008, a "Motion for Reconsideration." Mr. Ward asks the Court to reconsider and vacate the Court's Order of Dismissal and the Judgment, both of which were filed in this action on January 4, 2008. The Court must construe the motion to reconsider liberally because Mr. Ward is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Ward filed the motion to reconsider within ten days after the Court's Order of Dismissal and the Judgment were filed in this action. *See* Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Ward fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of

3

new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988). Mr. Ward does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. The Court remains convinced that the instant action properly was dismissed without prejudice because Mr. Ward failed to comply with the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Motion for Reconsideration" filed on January 18, 2008, is denied.

DATED at Denver, Colorado, this 25 day of January, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01597-BNB

Jacques Pierre Ward
Prisoner No. 80524
Colorado State Penitentiary
PO Box 777 - Unit B8-21
Cañon City, CO 81215- 0777

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/28/08

GREGORY C. LANGHAM, CLERK

By: _Angie_
      Deputy Clerk